# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL JOHNSON, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 16-5521 |
| POLICE OFFICER BURGESS, et al. | : | |
| | : | |
| Defendants. | : | |

**Mitchell S. Goldberg, J.**                                                                                                    **August 22, 2018**

## MEMORANDUM OPINION

*Pro se* Plaintiff Darryl Johnson brings the current action against Defendants Philadelphia Police Officers George Burgess and Anthony Parrotti (collectively, "Defendants"), under 42 U.S.C. § 1983, for false arrest and malicious prosecution in violation of the Fourth Amendment of the United States Constitution. Defendants have moved for summary judgment. For the following reasons, I will grant the Motion and enter summary judgment in favor of both Defendants.[1]

## I.    UNDISPUTED MATERIAL FACTS[2]

On April 20, 2015, prior to the events in question, Defendant Officer Parrotti oversaw a confidential informant, who was searched and found to have no contraband or U.S. currency on his/her person. (Defs.' Reply Br., Ex. C, Decl. of Officer Anthony Parrotti ("Parrotti Decl."), ¶¶ 2–3.) Officer Parrotti gave the confidential informant $20 buy money, which had been

---

[1] On August 7, 2018, this case was reassigned from the docket of the Honorable Cynthia M. Rufe to my docket.

[2] The facts set forth herein come from Plaintiff's own deposition testimony and/or from the uncontroverted exhibits provided by Defendants.

previously marked inside Narcotics Headquarters. (Id. ¶ 4.) Officer Burgess then instructed Officer Parrotti to direct the confidential informant go to 4036 North 8th Street to make a buy. (Id. ¶ 5.) Once the confidential informant returned to the police vehicle, he turned over a purple jar containing marijuana. (Parrotti Decl. ¶ 6.) On April 21, 2015, the same process detailed above was repeated. (Id. ¶¶ 8–12.)

On April 23, 2015, Plaintiff was seen at 4036 North 8th Street in Philadelphia between the hours of 12:00 p.m. and 2:00 p.m. (Defs.' Mot. Summ. J., Ex. A, Dep. of Darryl Johnson ("Johnson Dep."), 20:21–21:2.) On that date, Plaintiff interacted with the same confidential informant used by the Defendant Officers on the two previous days, as described above. (Johnson Dep. 25:8–26:3.) The confidential informant was again in control of Officer Parrotti, had been searched, and was given $20 buy money to be used at 4036 North 8th Street. (Parrotti Decl. ¶¶ 14–17.) The confidential informant asked Plaintiff to obtain something, which Plaintiff testified, at his deposition, was a request for loose cigarettes. (Johnson Dep. 28:2–20.) Plaintiff agreed to do so and entered a house at 4036 North 8th Street. (Johnson Dep. 29:18–30:6, 32:10–12, Defs.' Reply Br., Ex. B, at 2.) He then came back outside and handed the confidential informant something. (Johnson Dep. 30:2–4; Defs.' Reply Br., Ex. B, at 2.) In return, the confidential informant handed Plaintiff a $20 bill. (Johnson Dep. 30:2–4, 31:7–8.) The confidential informant returned to the police vehicle after the buy, again holding a purple jar containing marijuana. (Defs.' Reply Br., Ex. B, at 2; Parrotti Decl. ¶ 18.)

Thereafter, Plaintiff walked to the corner store where he was arrested. (Johnson Dep. 35:2–16.) At the time of his arrest, Plaintiff had the marked $20 bill from the confidential informant on him. (Johnson Dep. 35:13–16; Defs.' Reply Br., Ex. B, at 3.) Police took Plaintiff back to 4036 North 8th Street while a search warrant was executed at that house. (Johnson Dep. 36:17–37:4; Defs.' Reply Br., Ex. B, at 3.) The search warrant had been obtained on April 22,

2015, from a judge in the Court of Common Pleas for Philadelphia County. (Defs.' Reply Br., Ex. D.) Officers executing the warrant found marijuana, PCP, and a scale in the back bedroom of the house. (Johnson Dep. 45:22–47:9, Defs.' Reply Br., Ex. B., at 3.) Officers also found a postal letter addressed to "Darryl C. Johnson" at a different address. (Johnson Dep. 47:11–48:16.) Plaintiff stated that he never lived or even stayed overnight in that house. (Johnson Dep. 42:17–24.)

Plaintiff was charged with "Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver" and "Intentionally Possessing a Controlled Substance." (Defs.' Reply Br., Ex. B, at 3; Defs.' Reply Br., Ex. E, at 2.) On April 29, 2016, the charges against Plaintiff were *nolle prossed* by the prosecution because the Commonwealth was not prepared to proceed to trial, an officer was on vacation, and two seizure analyses were outstanding. (Defs.' Reply Br. Ex. E, at 5.)

## II. PROCEDURAL HISTORY

Plaintiff originally filed this case against Defendants in the Pennsylvania Court of Common Pleas for Philadelphia County, and Defendants removed the Complaint to federal court on October 21, 2016. Plaintiff then filed an Amended Complaint alleging both false arrest and malicious prosecution. Several of the defendants were dismissed from the case under Federal Rule of Civil Procedure 12(b)(6). On December 29, 2017, the remaining Defendants, Officers Burgess and Parrotti, filed the current Motion for Summary Judgment.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 states, in pertinent part:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to

3

> any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a). "Through summary adjudication, the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality." Capitol Presort Servs., LLC v. XL Health Corp., 175 F. Supp. 3d 430, 433 (M.D. Pa. 2016).

A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana v. Kmart Corp, 260 F.3d 228, 232 (3d Cir. 2001). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

## IV.   DISCUSSION

As set forth above, Plaintiff brings two civil rights claims against the Defendants under 42 U.S.C. § 1983: (1) false arrest and (2) malicious prosecution.

### A.   **False Arrest**

The Fourth Amendment, made applicable to the States by the Fourteenth Amendment, Ker v. Calif., 374 U.S. 23, 30 (1963), provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const., amend. IV. In order to establish a claim under the Fourth Amendment, a plaintiff must show that the actions of the defendant: (1) constituted a "search" or "seizure" within the meaning of the Fourth Amendment, and (2) were

4

"unreasonable" in light of the surrounding circumstances. Parker v. Wilson, No. 98–3531, 2000 WL 709484, at *3 (E.D. Pa. May 30, 2000) (citing Brower v. Cnty. of Inyo, 489 U.S. 593, 595 (1989)). A seizure is a restraint of liberty by show of force or authority, see Florida v. Bostick, 501 U.S. 429, 434 (1991), and occurs "when a reasonable person in the position of the plaintiff would not feel free to decline a request of a government agent or to terminate an encounter with a government agent." Brown v. Commonwealth, No. 99-4901, 2000 WL 562743, *4 (E.D. Pa. May 8, 2000).

The Fourth Amendment precludes a police officer from arresting and incarcerating a citizen except upon probable cause. See Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) (stating that "an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment"). The United States Supreme Court has characterized probable cause as a "fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." Illinois v. Gates, 462 U.S. 213, 232 (1983). A showing of probable cause requires "proof of facts and circumstances that would convince a reasonable, honest individual that the suspected person is guilty of a criminal offense." Lippay v. Christos, 996 F.2d 1490, 1502 (3d Cir. 1993). Although probable cause calls for more than mere suspicion, it does not mandate that the evidence at the time of the arrest be sufficient to prove guilt beyond a reasonable doubt. Nimley v. Baerwald, No. 02-7417, 2004 WL 117173, at *7 (E.D. Pa. May 26, 2004) (citing Warlick v. Cross, 969 F.2d 303, 306 (7th Cir. 1992); Orsatti v. N.J. State Police, 71 F.3d 480, 482–83 (3d Cir. 1995)). "Indeed, the ultimate finding of guilt or innocence, or even dismissal of charges arising out of an arrest and detention has no bearing on whether the arrest was valid." Id. Rather, "the proper inquiry is . . . whether the arresting officers had probable cause to believe the person arrested

committed the offense." Moleski v. Ross, No. 09-111, 2010 WL 2766891, at *4 (E.D. Pa. July 12, 2010) (quotations omitted).

The probable cause test is an objective one based on the facts available to the officers "at the moment of arrest," rather than in hindsight. Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994). In appropriate cases, a court may conclude that probable cause existed as a matter of law if the evidence, viewed most favorably to the plaintiff, reasonably would not support a contrary factual finding. See Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997).

Based on the undisputed evidence here, Officers Burgess and Parrotti had probable cause to believe that Plaintiff committed the crimes of possession with intent to distribute and intentional possession of a controlled substance. Officer Parrotti was directing a confidential informant on April 23, 2015, had searched the informant and found no currency or contraband on his/her person, and provided the informant with marked $20 as buy money. Officer Burgess witnessed an interaction between Plaintiff and the confidential informant, following which Plaintiff entered a house at 4036 North 8th Street, returned outside, and handed something to the confidential informant. In return, the confidential informant handed Plaintiff money. The confidential informant returned to the police holding a purple jar of marijuana. At the time of his arrest, Plaintiff had the marked $20 bill from the confidential informant in his possession. Given these facts, there is no genuine dispute that a reasonable officer could certainly maintain a reasonable belief that Plaintiff had committed the suspected offenses.

In an effort to refute the existence of probable cause, Plaintiff sets forth two arguments, neither of which have merit.

First, Plaintiff challenges any suggestion that he committed a crime on the first two days of the surveillance—April 20 and 21, 2015. The only issue here, however, is whether the police had probable cause to arrest Plaintiff on April 23, 2018. Plaintiff does not contest any of the

facts on that date involving his interaction with the confidential informant. Such facts, standing alone, unequivocally create probable cause for the Defendant Officers to believe that Plaintiff committed the suspected crimes.

Second, Plaintiff suggests that the search warrant executed on the premises of 4036 N. 8th Street was invalid. Probable cause, however, is adjudged "at the time of the arrest" and considers only whether the objective facts available to the officers at that time were sufficient to "justify a reasonable belief that an offense was being committed." United States v. Glasser, 750 F.2d 1197, 1206 (3d Cir. 1984). As the arrest occurred prior to the execution of the search warrant, the validity of that warrant is irrelevant to the question of probable cause to arrest.

As I find no genuine issue of material fact regarding probable cause to arrest, I will grant summary judgment in favor of Defendants on Plaintiff's false arrest claim.

B. **Malicious Prosecution**

To establish a malicious prosecution claim under § 1983, a plaintiff must prove that: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding." Johnson v. Knorr, 477 F.3d 75, 81–82 (3d Cir. 2007). Plaintiff has failed to adduce any evidence sufficient to establish the first four elements.

First, Plaintiff has not set forth any facts to indicate that Defendants initiated the criminal proceedings against him. Generally, the prosecutor, not the police officer, initiates a proceeding against a defendant. Kossler v. Crisanti, 564 F.3d 181, 198 (3d Cir. 2009). An officer may "be considered to have initiated a criminal proceeding if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion."

Henderson v. City of Philadelphia, 853 F. Supp. 2d 514, 518 (E.D. Pa. 2012) (quotations omitted). Here, however, Plaintiff has not disputed any of the material facts that led to his arrest, let alone set forth evidence that Defendants provided false information to the District Attorney.

Second, even if Defendants could be deemed to have initiated the proceeding, the record does not suggest an absence of probable cause. Quite to the contrary—as set forth in detail above—Defendants had sufficient probable cause to arrest Plaintiff on charges of possession with intent to distribute a controlled substance and intentional possession of a controlled substance. Plaintiff has not suggested how subsequent proceedings on the same charges could lack probable cause.

Third, Plaintiff has not created any genuine issue of material fact on the element of favorable termination. The Third Circuit has noted that while "a grant of nolle prosequi can be sufficient to satisfy the favorable termination requirement for malicious prosecution, not all cases where the prosecutor abandons criminal charges are considered to have terminated favorably." DiFronzo v. Chiovero, 406 F. App'x 605, 609 (3d Cir. 2011) (quotations omitted). "A nol pros signifies termination of charges in favor of the accused only when their final disposition is such as to indicate the innocence of the accused." Id. (internal quotations omitted). "If a dismissal pursuant to a *nolle prossed* charge 'does not suggest that [a plaintiff] was innocent of the remaining criminal charges,' it will not be sufficient to satisfy the favorable termination rule." Williams v. Scranton Police Dept., No. 14-950, 2015 WL 10567873, at *8 (M.D. Pa. Nov. 25, 2015) (citing Donahue v. Gavin, 280 F.3d 371, 384 (3d Cir. 2002)).

Here, according to the state court docket, the case was *nolle prossed* because "Commonwealth not ready. Officer on vacation. 2 seizure analysis outstanding." (Defs.' Mot. Summ. J., Ex. E.) Nothing in the record signifies that Plaintiff was innocent of the criminal

charges.  As such, Plaintiff cannot establish that the dismissal of the charges constitutes a favorable termination.

Finally, Plaintiff has failed to produce any evidence that Defendants were motivated by malice.  "Legal malice is not limited to motives of hatred or ill will, but may consist of defendant's reckless and oppressive disregard of plaintiff's rights . . . . [M]alice can mean ill-will or the use of a prosecution for an extraneous purpose or a lack of belief in the guilt of the accused . . . ."  Minatee v. Phila. Police Dept., 502 F. App'x 225, 230 (3d Cir. 2012) (quoting Lippay v. Christos, 996 F.2d 1490, 1503 (3d Cir. 1993)).  Here, in the face of Defendants' evidentiary showing of probable cause to believe that Plaintiff committed the charged crimes, Plaintiff has not adduced any contrary evidence to suggest that their actions were motivated either by ill-will or reckless disregard for Plaintiff's rights.

In short, Plaintiff has not provided any evidence to create any genuine issue of material fact on the elements of his malicious prosecution claim.  Accordingly, I will grant summary judgment in favor of Defendants on this claim as well.

## V.  CONCLUSION

In light of the foregoing, I find that Defendants are entitled to summary judgment on the entirety of Plaintiff's Amended Complaint.[3]  An appropriate Order follows.

---

[3] Having dismissed Plaintiff's claims on their merits, I need not address Defendants' qualified immunity argument.